Sean M. Larson, WSB #7-5112
Nathan Nicholas, WSB #7-5078
HATHAWAY & KUNZ, LLP
2515 Warren Avenue, Suite 500
P.O. Box 1208
Cheyenne, WY  82003-1208
Phone: 307-634-7723
Fax: 307-634-0985
slarson@hkwyolaw.com
nnicholas@hkwyolaw.com

ATTORNEYS FOR OPTIMIZED LIFESTYLE LLC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| WEALTHY INC., | ) | |
| | ) | |
|    *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-CV-141-ABJ |
| | ) | |
| OPTIMIZED LIFESTYLE LLC, | ) | |
| | ) | |
|    *Defendant*. | ) | |

### DEFENDANT OPTIMIZED LIFESTYLE LLC'S
### MOTION FOR RULE 11 SANCTIONS

**COMES NOW** Defendant Optimized Lifestyle LLC ("Optimized"), by and through undersigned counsel, and hereby moves for sanctions pursuant to Federal Rules of Civil Procedure Rule 11 ("Rule 11") against Plaintiff Wealthy, Inc. and its counsel.  In support of this Motion, Defendant Optimized Lifestyle states as follows:

Plaintiff Wealthy, Inc., through its various attorneys, has brought this lawsuit which meets the very definition of vexatious litigation.  Plaintiff's Complaint [ECF 1] is based upon factual fabrication, which Plaintiff unequivocally knows to be false or misleading.  The Complaint also brings claims for legal theories for which there is no remedy available.  The only logical purpose

for filing this Complaint is that Plaintiff seeks to punish John Mulvehill by forcing him to accrue unnecessary fees and harass Defendant and its members through the misuse of this judicial system.

*The Original Dispute*

This dispute originates from a personal dispute between Dale Buczkowski and John Mulvehill dating back to 2013 and continuing today.  Mr. Buczkowski is the principal and sole shareholder of Plaintiff Wealthy, Inc.  Mr. Mulvehill is the principal and sole member of John Anthony Lifestyle, LLC ("JAL"), a Wyoming limited liability company.  JAL is a member of Defendant Optimized.  Defendant Optimized is a joint venture between JAL and Empowered Minds, LLC ("EM"), also a Wyoming limited liability company.  EM has a single shareholder, Alan Belkin.

The dispute between Buczkowski and Mulvehill stems from personal interactions in 2013, the details of which are not important for this motion, but the ultimate result was that Mulvehill was arrested and charged with egregious crimes after a night out on the Vegas Strip with Mr. Buczkowski.  According to the Complaint, sometime in 2020 Mr. Mulvehill went on various podcasts and YouTube channels making personal attacks on Buczkowski that clearly hurt Mr. Buczkowski's feelings and allegedly injured his business, Wealthy, Inc.

*The Original Actions Filed in the U.S. District Court, District of Nevada – Now Pending in the 9th Circuit Court of Appeals*

These _personal_ attacks resulted in Mr. Buczkowski filing two separate lawsuits in the United States District Court, District of Nevada.  The first case was *Wealthy, Inc. and Dale Buczkowski v. Spencer Cornelia*, Case No. 2:21-CV-1173 JCM (EJY), and the second case was *Wealthy, Inc. and Dale Buczkowski v. John Mulvehill, John Anthony Lifestyle, LLC and Optimized Lifestyle, LLC* Case No. 2:22-cv-00740-JCM-ECY.  In these cases, Wealthy, Inc and Mr.

Buczkowski brought claims for (1) unfair competition and false advertising under the Lanham Act, (2) defamation, (3) intentional infliction of emotional distress, and (4) business disparagement. These cases were consolidated in a single case, 2:21-CV-1173 JCM (EJY), and were litigated all the way through discovery cutoff and dispositive motions deadlines. They were ultimately dismissed on two separate motions. The first was Optimized, Mr. Mulvehill, and JAL's Motion to Dismiss for lack of personal jurisdiction, which was granted on July 27, 2023 (2:21-CV-01174-JCM-EJY, ECF No. 232, included here as Exhibit A). This decision as it relates to Mulvehill, personally, and JAL has been appealed by Wealthy, Inc. and Mr. Buczkowski to the Ninth Circuit and is still pending. (Docket No. 23-16132, 9th Cir., a copy of the notice is attached hereto as Exhibit B). The second was Mr. Cornelia's Motion for Summary Judgment, which was decided in Mr. Cornelia's favor on September 29, 2023. (2:21-cv-01173-JCM-EJY, Doc No. 247, a copy of which is attached hereto as Exhibit C). Prior to the Nevada Court dismissing Optimized for lack or personal jurisdiction, Optimized had a Rule 11 motion pending, filed on June 2, 2023. (2:21-cv-01173-JCM-EJY, Doc. No. 228, attached hereto as Exhibit D). The final motions currently pending in the Nevada case are motions for fees by John Mulvehill, JAL, and Optimized, as well as a motion for fees by Co-Defendant Cornelia. The 9th Circuit Court of Appeals has jurisdiction over both cases at this time.

      Plaintiff Wealthy, Inc. seeks to harass Defendant through the abuse of vexatious litigation by filing this Wyoming Complaint. In filing its Complaint, Wealthy is (1) attempting to create dueling judgments for the same acts; (2) seeks remedies for claims that do not exist in the law; and, most egregiously, (3) alleging facts that are knowingly and objectively false and that are directly contradicted by undisputed testimony and evidence from discovery in the District of Nevada. As such, Defendant Optimized moves for this Court to grant sanctions against Wealthy

pursuant to Fed. R. Civ. P. 11(b).

## **LEGAL STANDARD**

Federal Rule of Civil Procedure, Rule 11 states in part:

> (b) REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> *(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;*
>
> *(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;*
>
> *(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and*
>
> *(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.*

Fed. R. Civ. P. 11(b) (emphasis added). The United States Supreme Court has stated the purpose of Rule 11 as: "[i]t is now clear that the central purpose of Rule 11 is to deter baseless filings in district court and thus, consistent with the Rules Enabling Act's grant of authority, streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990). The federal courts uniformly apply an objective test—reasonableness under the circumstances—to determine whether the Rule 11 duty of a "reasonable inquiry" has been satisfied. Georgene M. Vairo, *Rule 11 Sanctions* §§ 5.01, 5.02(b) at 5–3, 5–10 (2d ed. 1993); Charles A. Wright & Arthur R. Miller, 5A *Federal Practice and Procedure: Civil 2d* § 1335 at 59–60 (1990); *see, e.g., Burkhart through Meeks v. Kinsley Bank,* 804 F.2d 588, 589–90 n. 3 (10th Cir.1986).

Further, should the Court determine the non-moving party has failed to meet the

"reasonable inquiry" test, the "Court has the inherent power, as well as the authority expressly granted to it under the Federal Rule of Civil Procedure, to impose sanctions where warranted." *Bonadeo v. Lujan*, 748 F. Supp. 2d 1268, 1272 (D.N.M. 2009) (Citing *Carona v. Falcon Services Company, Inc.,* 72 F.Supp.2d 731, 733 (S.D.Tex.1999)). The Court may impose sanctions at its discretion. *Id*.

## ARGUMENT

Plaintiff filed his Wyoming Complaint on August 4, 2023. That Complaint was signed by Ryan Semerad of Fuller & Semerad, LLC in Casper, Wyoming. Also listed as attorneys of record for Plaintiff are Jeff Vockrodt and Anna Brook from Culhane Meadow PLLC out of Dallas, Texas. Both Mr. Vockrodt and Ms. Brook have been admitted *pro hac vice* in this matter.

Through its attorneys, Wealthy pleads the following causes of action: (1) direct liability for false advertising under Section 43(a) of the Lanham Act, (2) an action for fraudulent transfer under W.S. §34-14-201 through 212, and (3) successor liability "for obligations incurred by Mr. Mulvehill and JAL predating [Optimized's] formation." [ECF 1, ¶141-153].

Plaintiff and its Counsel, however, have failed to inform this Court, through pleading or otherwise, that there remain related cases pending in the District of Nevada[1], that those cases contained the same or similar claims against the same parties, and that those cases created certain claim and issue preclusion problems for Plaintiff. Plaintiff and its counsel have also failed to disclose to this Court and intentionally misrepresent existing knowledge relating to the assets of JAL, Mr. Mulvehill, and Optimized.

In support of this Motion, Optimized incorporates by reference the following exhibits:

---

[1] The substantive claims have been dealt with, but there remain outstanding Motions for Fees filed on behalf of Mr. Mulvehill, JAL, Optimized, AND Mr. Cornelia.

- Exhibit A: Order Dismissing John Anthony Lifestyle, LLC, Optimized Lifestyle, LLC, and John Mulvehill for lack of personal jurisdiction
- Exhibit B: *Notice of Appeal* filed by Wealthy, Inc. and Dale Buczkowski
- Exhibit C: Order Granting Summary Judgment Against Wealthy, Inc. and Dale Buczkowski on behalf of Spencer Cornelia
- Exhibit D: Optimized's Motion For Sanctions Pursuant to F.R.C.P. 11 filed in the District of Nevada case
- Exhibit F: Optimized Lifestyle, LLC's Operating Agreement (filed under seal pursuant to a protective order in the District of Nevada case)
- Exhibit G: Optimized Lifestyle, LLC's Motion for Summary Judgement in the District of Nevada case
- Exhibit H: Optimized Lifestyle, LLC's Response to Plaintiff's Motion to Amend in the District of Nevada case
- Exhibit I: Bank records of Optimized Lifestyle, LLC (filed under seal pursuant to a protective order in the District of Nevada case)
- Exhibit J: *Declaration of Nathan Nicholas*

### A. *Plaintiff knowingly misrepresents the relationship between Optimized, JAL, and Mr. Mulvehill and has intentionally made false statements to mislead the Court.*

Plaintiff is intentionally misleading this Court regarding the relationship between Optimized, John Mulvehill, and JAL. Plaintiff has knowledge and documents from the District of Nevada case that explicitly show JAL is a member of Optimized, has only licensed its digital assets to Optimized, and the JAL is generating real revenue from its venture with Optimized.

As clearly laid out in various pleadings and sworn statements in the District of Nevada case, Optimized is a joint venture between JAL and Empowered Minds. [Ex. G, ¶¶4-6]. Mr. Mulvehill and Mr. Belkin have even gone so far as to provide sworn declarations clarifying the relationship between JAL and Optimized, stating that Optimized is a joint venture between JAL and Empowered Minds and that no assets were transferred from JAL to Optimized, meaning that JAL is a 50% owner of Optimized, meaning that Optimized remains a balance sheet asset of JAL. [Ex. G ¶¶ 34-40, Ex. H ¶¶ 23-32]. Optimized similarly did not assume any obligations or debts from JAL. *Id.* Optimized even pays a licensing fee to JAL for its use of its online assets. *Id.*

Additionally, through discovery, Optimized has produced two sets of documents that Plaintiff has in its possession that should be central to its claim. First, Optimized has produced its operating agreement, included herein as Exhibit F. Section 4.6.6 of the Operating Agreement states:

"[Mulvehill] will also transfer JAL's intellectual property of JAL. . .in the form of an exclusive, perpetual, royalty free, irrevocable, unconditional license for the territory of the universe. . ." [Ex. F, ¶¶ OL-000010]. This Operating Agreement was produced pursuant to discovery requests by Wealthy in the District of Nevada litigation.

Other documents produced by Optimized pursuant to discovery requests in the District of Nevada case are bank records of Optimized, included herein as Exhibit I. These bank records clearly show that JAL is receiving substantial monthly payments from Optimized consistent with the Operating Agreement for Optimized between JAL and Empowered Minds (Ex. F). These bank records were produced to Wealthy on January 6, 2023 pursuant to a Request for Production from Wealthy to Optimized in the District of Nevada case.

Despite the mountain of incontrovertible evidence to the contrary, Wealthy and its counsel continue to assert in its Complaint that JAL has transferred substantially all of its assets to Optimized, that the value of consideration received by JAL for the transfer is not reasonably equivalent, and that JAL is effectively insolvent from the transfer. [ECF 1, ¶152]. Plaintiff also contends that JAL engaged in a transaction where the remaining assets were unreasonably small in relation to the business transaction. [ECF 1, ¶153].

These assertions are purely fabrications and Wealthy *knows* not only that they are misleading, but that they are also outright false. Even more egregiously, these allegations are pled as central allegations to Plaintiff's claims for successor liability and liability under the UFTA in

an attempt to mislead this Court and force a situation where Optimized would be required to undergo another spurious lawsuit through dispositive motions due to the nature of a motion to dismiss and the evidentiary standards in such a motion.

### B. *Plaintiff's claims are not supported by existing law and this lawsuit is an attempt to either create new law or simply a frivolous lawsuit intended to harass Optimized.*

Fed. R. Civ. P. 11(b)(2) requires that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." It is clear from the existing case law for the last several decades that a corporation cannot be held liable for torts committed prior to the corporation's formation. In order to avoid this well-known legal maxim, Plaintiff and its counsel have crafted a claim for successor liability under Wyoming's Uniform Fraudulent Transfers Act, Wyo. Stat. Ann. §§34-14-201 through 212. However, there is no case law to support this position and the explicit language of the statute itself states that a transferee under the statute (fraudulent or not) is liable only for debts owed, *not for torts* committed by the transferor.

Contrary to Plaintiff's assertions, even if Optimized benefitted from a fraudulent transfer from JAL, the UFTA only applies to financial creditors, not tort allegations. Assuming for the sake of arguendo that JAL had transferred all of its assets to Optimized, "[a] transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or obligation was incurred, if the debtor made the transfer or incurred the obligation." Wyo. Stat. Ann. §34-14-205 (emphasis added). The Wyoming Legislature went even one step further and defined the term "claim," which is "a right to payment. . ." Wyo. Stat. Ann. §34-14-202.

> Before 2006, the Uniform Fraudulent Conveyance Act provided the statutory mechanism for preventing and setting aside conveyances made to protect property from, among other things, execution on a judgment. The Act made fraudulent conveyances unsupported by fair consideration by those who were or would be rendered insolvent, regardless of the conveyor's actual intent. It made fraudulent conveyances by those who intend to incur debt or believe they will incur debt beyond their ability to pay if the transaction is not supported by fair consideration. Wyo. Stat. § 34–14–107…
>
> The Act provides different remedies for creditors whose claims have matured and those whose claims have not. As to creditors with unmatured claims, a court could:
> 
>   (i) Restrain the defendant from disposing of his property;
>   (ii) Appoint a receiver to take charge of the property;
>   (iii) Set aside the conveyance or annul the obligation; or
>   (iv) Make any order which the circumstances of the case may require.
>
> Wyo. Stat. § 34–14–111(a).
>
> Creditors whose claims have matured had the following remedies under the Act:
>
>   (i) Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim; or
>   (ii) Disregard the conveyance and attach or levy execution upon the property conveyed.
>
> Wyo. Stat. § 34–14–110(a).
>
> **The obvious difference between the remedies is that the creditor with an unmatured claim is entitled only to have the court set aside transfers and to take other steps to maintain the asset until the claim matures or fails**. He cannot execute on the property, because he has not yet obtained a judgment. Once a judgment is obtained, the claim matures and the judgment creditor may attach and levy execution on the property conveyed. Wyo. Stat. Ann. § 34–14–110(a). The successor to the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act, maintains the same distinction, although it groups the remedies into a single statutory section. *See* Wyo. Stat. Ann. § 34–14–208.
>
> From this it follows that the property sought to be executed against must be subject to execution; *i.e.,* it must be shown that it belonged to the fraudulent transferor before the transfer. There are judicially created exceptions to the Act. In order for a conveyance to be fraudulent, it must transfer property which was or would have been subject to execution if it had not been transferred. *Lending Textile, Inc. v. All Purpose Accessories,* 174 Misc.2d 318, 664 N.Y.S.2d 979, 981 (N.Y.Sup.App.Term 1997) (per curiam); *Marine Midland Bank v. Murkoff,* 120 A.D.2d 122, 508 N.Y.S.2d 17, 23 (1986);[10] *see* Wyo. Stat. Ann. § 34–14–102(a)(i) (LexisNexis 2005) (" 'Assets' of a debtor means property not exempt from liability

for his debts."); *see also Hamilton Nat'l Bank v. Halsted,* 134 N.Y. 520, 31 N.E. 900, 901 (N.Y.Ct.App.1892) (decided under common law preceding New York's adoption of the Uniform Fraudulent Conveyance Act).

*Baker v. Speaks*, 2013 WY24, ¶¶38-42, 395 P.3d 847, 856-57 (Wyo. 2013) (cleaned up, emphasis added).   Because there is no mature or current debt owed by Optimized for the benefit of Wealthy, as the Wyoming Supreme Court has detailed in *Baker*, even under Wyoming's UFTA, Plaintiff's only remedies available are to (1) restrain the defendant from disposing of his property, (2) appoint a receiver to take charge of the property, (3) set aside the conveyance or annul the obligation, or (4) make any order which the circumstances of the case may require. *Id*.  What this Court is NOT allowed to do under the statute is attach tort liability to a joint venture or sister company based upon spurious allegations against a related entity.

Fed. R. Civ. P. 11(b)(2) requires that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Plaintiff's attempt to create an entirely new legal theory for tort liability is not made in good faith and is intended to force Optimized into additional, harassing, and vexatious litigation and, even worse, is an exercise in wasting judicial resources in an attempt to punish Optimized and Mr. Mulvehill by forcing them to incur additional legal fees. For these reasons, sanctions are appropriate.

## RULE 11 SAFE HARBOR COMPLIANCE

Undersigned Counsel has strictly complied with the Fed. R. Civ. P. 11 safe harbor requirements prior to filing this Motion.  *See* Ex. J

## CONCLUSION

Plaintiff Wealthy, Inc. and its Counsel have made intentional misrepresentations to this Court, have failed to adequately investigate the factual allegations contained in its Complaint,

and have made claims that are not warranted by existing law, are frivolous, and amount to a vexatious lawsuit.  Plaintiff has had months to correct these knowingly false factual allegations and to narrow its legal claims, but yet has refused to do so.  Pursuant to Fed. R. Civ. P. 11(b) sanctions are warranted in this matter including attorneys fees, costs and any other relief this Court deems necessary and just including, but not limited to, dismissal with prejudice.

**WHEREFORE**, Defendant Optimized Lifestyle, LLC prays this Court GRANT its Motion for Sanctions pursuant to Fed. R. Civ. P. 11 and award fees, costs, and any other relief this Court deems necessary and just.

DATED this 23rd day of January 2024.

/s/ Nathan Nicholas
Sean M. Larson, Wyo. Bar #7-5112
Nathan Nicholas, WSB #7-5078
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY  82003
Phone: (307) 634-7723
Fax: (307) 634-0985
slarson@hkwyolaw.com
nnicholas@hkwyolaw.com

COUNSEL FOR DEFENDANT
OPTIMIZED LIFESTYLE LLC

## CERTIFICATE OF SERVICE

This is to certify that on the 23rd day of January 2024, a true and correct copy of the foregoing was served upon counsel as follows:

| | |
|---|---|
| Ryan A. Semerad<br>FULLER & SEMERAD, LLC<br>242 South Grant Street<br>Casper, WY 82601<br>*Attorney for Plaintiff* | [ ] U.S. Mail<br>[ X ] CM/ECF<br>[ ] Fax:<br>[ X ] E-mail:<br>  semerad@thefullerlawyers.com |
| Jeff B. Vockrodt, Esq.<br>Anna Brook<br>CULHANE MEADOWS, PLLC<br>National Litigation Support Center<br>13101 Preston Road, Suite 110-1510<br>Dallas, TX 75240<br>*Attorneys for Plaintiff* | [ ] U.S. Mail<br>[ X ] CM/ECF<br>[ ] Fax:<br>[ ] E-mail: |

*/s/ Hayley Wheeler*
HATHAWAY & KUNZ, LLP